Daniel L. Keller (DK 1300)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Tel. (973) 242-0002
Fax (973) 242-8099
*Attorneys for Bristol-Myers Squibb Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X
BRACCO DIAGNOSTICS INC.,

       Plaintiff,

   v.

AMERSHAM HEALTH INC.,
AMERSHAM HEALTH AS, and
AMERSHAM plc,

       Defendants.
------------------------------------------------------------X
AMERSHAM HEALTH INC.,

       Counterclaim Plaintiff,

   v.

BRACCO DIAGNOSTICS INC.,

       Counterclaim Defendant.
------------------------------------------------------------X

Civil Action No. 03-6025

Honorable Stanley R. Chesler

**BRISTOL-MYERS SQUIBB COMPANY'S OBJECTIONS TO SUBPOENA SERVED BY AMERSHAM**

     Bristol-Myers Squibb Company (BMS) hereby responds to the subpoena (Exhibit A) dated November 19, 2004 served on BMS by Amersham Health Inc., Defendant and Counterclaim Plaintiff, and Amersham Health AS and Amersham PLC, Defendants, collectively Amersham, as follows.

NY/447191v1

## GENERAL OBJECTIONS

BMS hereby asserts the following General Objections to Amersham's requests, which are incorporated in and made a part of each response set forth herein:

1.  BMS objects to Amersham's requests because they seek discovery of matters protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privilege. Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work product protection, or any other privilege or protection.

2.  BMS objects to Amersham's requests because they seek confidential business information, trade secrets, or similarly protected or privileged information.

3.  BMS objects to Amersham's requests as imposing undue burden and expense because they seek documents and other information within the possession, custody, or control of Bracco Diagnostics, Inc. (Bracco), Plaintiff in this action.

4.  BMS objects to Amersham's requests as imposing undue burden and expense because they seek documents and other information available from other sources that are more convenient, less burdensome, and less expensive than seeking such documents and information from BMS.

5.  BMS objects to Amersham's requests as imposing undue burden and expense because they seek discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure.

6.  BMS objects to Amersham's requests as imposing undue burden and expense because they are not properly limited in time or scope.

7.  BMS objects to Amersham's requests as imposing undue burden and expense because they seek information in the public domain equally available to Amersham.

8.  BMS objects to Amersham's requests as vague, ambiguous, and overly broad.

NY/447191v1

## BMS'S RESPONSES AND OBJECTIONS TO AMERSHAM'S REQUESTS

### Request No. 1

All documents and things concerning the design, research, development, evaluation, testing and modification of Isovue.

### Response To Request No. 1

BMS hereby incorporates its General Objections. Subject to and without waiving these objections, and based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request.

### Request No. 2

All documents concerning any study, investigation, analysis, research or test concerning Isovue, including without limitation, any study, investigation, analysis, research or test of the efficacy, safety, rate of occurrence of adverse events, nephrotoxicity or any other characteristic of Isovue.

### Response To Request No. 2

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any documents responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

### Request No. 3

All documents and things concerning any advertising, publicity, technical literature, or marketing material that was used to promote Isovue.

- 3 -

NY/447191v1

**Response To Request No. 3**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

**Request No. 4**

To the extent not covered by the previous request, a specimen or copy of each advertisement and promotional piece for Isovue.

**Response To Request No. 4**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any specimens or copies responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

**Request No. 5**

All documents and things concerning any comparisons between Isovue and any other x-ray contrast agent.

**Response To Request No. 5**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

NY/447191v1

**Request No. 6**

All sales manuals and marketing information given to anyone who sold or marketed Isovue, including without limitation, all training, employee and distributor manuals or memoranda, bulletins, and sales initiatives.

**Response To Request No. 6**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any sales manuals or marketing information responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

**Request No. 7**

All documents and things concerning any study, investigation, analysis, research or test in the possession of or known to BMS concerning the effect of osmolality on the safety of any x-ray contrast agent.

**Response To Request No. 7**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

**Request No. 8**

All documents and things reflecting any consumer preference for Isovue, Visipaque, Omnipaque and/or any other x-ray contrast agent.

- 5 -

NY/447191v1

**Response To Request No. 8**

BMS hereby incorporates its General Objections. Based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request. Subject to and without waiving these objections, BMS will produce documents potentially responsive to this request.

**Request No. 9**

All documents and things that relate to the due diligence surrounding the sale of Squibb Diagnostics to Bracco S.p.A.

**Response to Request No. 9**

BMS hereby incorporates its General Objections. Subject to and without waiving these objections, and based upon information and belief, Bracco maintains possession, custody, or control of any documents or things responsive to this request.

Dated:  New York, New York
        January 7, 2005

_____
Daniel L. Keller (DK 1300)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
Tel. (973) 242-0002
Fax (973) 242-8099
Attorneys for Bristol-Myers Squibb Company

**EXHIBIT A**

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRACCO DIAGNOSTICS INC., Plaintiff, v. AMERSHAM HEALTH INC., AMERSHAM HEALTH AS, AMERSHAM HEALTH PLC., Defendants. | **SUBPOENA IN A CIVIL CASE** <br><br> Action Pending in the United States District Court <br> District of New Jersey <br> Civil Action No. 03-6025 |
| AMERSHAM HEALTH INC., Counterclaim plaintiff, v. BRACCO DIAGNOSTICS INC., Counterclaim defendant. | |

TO: Bristol-Myers Squibb Company
345 Park Avenue
New York, NY 10154-0037

~ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY    N/A | COURTROOM |
|---|---|
| | DATE AND TIME |

~ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **As described in Schedule A.**

| PLACE | Kenyon & Kenyon, One Broadway, New York, NY 10004 | DATE AND TIME  December 10, 2004 |
|---|---|---|
| | | |

~ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES    N/A | DATE AND TIME |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Attorney for Defendants/Counterclaim-Plaintiff | DATE <br> November 19, 2004 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER <br> Jeffrey S. Ginsberg, Esq. <br> New York, NY 10004, (212) 425-7200 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

| | | | PROOF OF SERVICE | |
|---|---|---|---|---|
| **SERVED** | DATE | PLACE | | |
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | | TITLE | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                                Date                                    SIGNATURE OF SERVER

                                                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

The following requests for production of documents shall be read and interpreted in accordance with the definitions, rules of construction, and instructions set forth below.

## DEFINITIONS

A. <u>Advertisement.</u> The term "advertisement" shall be construed to mean the attempt by publication, dissemination, solicitation or circulation to induce, directly or indirectly, any person to enter into any obligation or acquire any title or interest in any product or service, including without limitation, a document for the commercial promotion of a product or service in any media.

B. <u>BMS.</u> The term "BMS" means or refers to Bristol-Myers Squibb Company, and its affiliates, subsidiaries, successors-in-interest, predecessors-in-interest, divisions, attorneys, officers, directors, employees, and any agents, representatives and others acting on behalf of, or in privity with, Bristol-Myers Squibb Company.

C.     <u>Concerning</u>. The term "concerning" means regarding, relating to, referring to, describing, evidencing or constituting.

D.     <u>Document</u>. The term "document" shall have the same meaning as used in Fed. R. Civ. P. 34(a), and shall be construed in its broadest sense to include, without limitation, all writings and drawings of any kind whatsoever, together with every tangible thing produced by handwriting, typewriting, printing, photocopying, photo offsetting, photography, microfilming, or by any tape, cassette, film, videotape, or disc recording, and all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CD-ROM, including but not limited to software, firmware, source code, electronic mail, and word-processing documents. Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for purposes of these Requests.

E.     <u>Isovue</u>. The term "Isovue" shall mean the iodinated diagnostic contrast agent commonly known as iopamidol, which is currently marketed and sold in the United States by Bracco Diagnostics Inc. under the trademark Isovue.

3

F.        <u>Squibb Diagnostics</u>. The term "Squibb Diagnostics" shall mean the BMS division purchased by Bracco S.p.A. in 1994.

G.        <u>Study/Investigation/Analysis/Research/Tests.</u> The terms "study," "investigation," "analysis," "research" or "tests" shall mean all documentation including, without limitation, data, lab notebooks, patient records, analytic reports, test conditions, summaries and tabulations of data, presentations, papers, and articles supporting an experiment, survey or related activity.

4

## RULES OF CONSTRUCTION

A. <u>Any/All/Each</u>. The term "any" shall be construed as "any, all and each."

B. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

C. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

A. These requests are intended to include information and documents in your possession, custody or control, as well as information or documents which you have a right to obtain by law, contract or otherwise.

B. Where an objection is made to any request, the objection shall state with specificity all grounds.

C. Where a claim of privilege and/or work-product immunity is asserted with respect to any document, please supply a privilege log containing the following information: (i) the type of document; (ii) general subject matter of the document; (iii) the date of the document; (iv) the name and business address of the author or draftsman; (v) the name and business address of the addressee(s); (vi) the person having possession, custody or control of the document; (vii) the location of the document; (viii) the nature of the claim of privilege.

D. With respect to any document or thing otherwise responsive to any document request which has been lost or destroyed since its preparation or receipt, identify the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed.

E. All documents should be produced in the form in which they are presently maintained

and with all pages clipped and stapled as in the original, and if applicable, with all accompanying file labels from the files in which the documents were maintained.

## DOCUMENTS TO BE PRODUCED

1. All documents and things concerning the design, research, development, evaluation, testing and modification of Isovue.

2. All documents concerning any study, investigation, analysis, research or test concerning Isovue, including without limitation, any study, investigation, analysis, research or test of the efficacy, safety, rate of occurrence of adverse events, nephrotoxicity or any other characteristic of Isovue.

3. All documents and things concerning any advertising, publicity, technical literature, or marketing material that was used to promote Isovue.

4. To the extent not covered by the previous request, a specimen or copy of each advertisement and promotional piece for Isovue.

5. All documents and things concerning any comparisons between Isovue and any other x-ray contrast agent.

6. All sales manuals and marketing information given to anyone who sold or marketed Isovue, including without limitation, all training, employee and distributor manuals or memoranda, bulletins, and sales initiatives.

7. All documents and things concerning any study, investigation, analysis, research or test in the possession of or known to BMS concerning the effect of osmolality on the safety of any x-ray contrast agent.

8. All documents and things reflecting any consumer preference for Isovue, Visipaque, Omnipaque and/or any other x-ray contrast agent.

9. All documents and things that relate to the due diligence surrounding the sale of Squibb Diagnostics to Bracco S.p.A.