NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BRACCO DIAGNOSTICS INC.,** | : | Civil Action No. 03-6025 (SRC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **AMERSHAM HEALTH INC., et al.,** | : | |
| | : | **LETTER OPINION AND ORDER** |
| Defendants. | : | **ON INFORMAL MOTIONS** |
| | : | |

**BONGIOVANNI, Magistrate Judge**

      This matter comes before the Court upon independently filed informal Applications of Christopher A. Colvin, Esq., attorney for Plaintiff Bracco Diagnostics, Inc. (hereinafter "Plaintiff") and Jeffrey S. Ginsberg, Esq., attorney for Defendants Amersham Health Inc., et al., (hereinafter "Defendants") objecting to Fed. R. Civ. P. 30(b)(6) deposition topics.

      On August 30, 2005, this Court set forth an Order directing parties to, among other things, notify the Court of any disputes regarding objections to Fed. R. Civ. P. 30(b)(6) notifications no later than September 16, 2005. Both parties, in letter briefs dated September 16, 2005, informally noticed the Court regarding objections each had. Specifically, Plaintiff objects to Defendants' Fed. R. Civ. P. 30(b)(6) deposition, topic nine, and Defendants object to Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition, topic two. For the foregoing reasons, both objections shall be denied.

*The Fed.R.Civ.P. 30(b)(6) Standard*

Federal Rule of Civil Procedure 30(b)(6) enables a deposing party to gather information from a corporation by way of a human being named by that corporation to serve as the corporation's voice. The pertinent language of the Rule states that "[a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency.... In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." FED. R. CIV. P. 30(b)(6). In other words, the Rule allows a corporation to speak through its agents. Hooker v. Norfolk S. Railway Co., 204 F.R.D. 124, 125 (S.D.Ind. 2001). The policy considerations raised in creating the Rule underscore the purposes behind the Rule.

> [A] 30(b)(6) deposition more efficiently produces the most appropriate party for questioning, curbs the elusive behavior of corporate agents who, one after another, know nothing about facts clearly available within the organization and suggest someone else has the requested knowledge, and reduces the number of depositions for which an organization's counsel must prepare agents and employees.

Kosieradzki, Mark R., It's All in the Documents: Strategic Use of Rules 30b)(5), 30(b)(6), and 34, Winter2005 ATLA-CLE 91 (2005) (internal citations omitted). Thus, FED. R. CIV. P. 30(b)(6) was created in order to help clarify the murky waters of corporate discovery. This effect is achieved through the cessation of finger-pointing and endless buck-passing; a 30(b)(6) deponent is required to know the answers, and the buck stops with him/her.

*Scope of discovery under Rule 30(b)(6) is coextensive with the scope under Rule 26(b)(1)*

Because the FED. R. CIV. P. 30(b)(6) deponent is required to know the answers, the Court must determine what the scope of questions should be. Integral to any analysis concerning scope

is the notion that Rule 30(b)(6) does not appear to set its own discovery standard.  The Court should "not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in [Fed.R.Civ.P.] 26(b)(1)."  Cabot Co. v. Yamulla Enterprises, Inc., 194 F.R.D.499, 500 (M.D.Pa. 2000);  see also Hooker, 204 F.R.D. at 126 ("Rule 30(b)(6) does not set its own discovery standard ... [t]herefore [Rule] 26(b)(1) is the proper standard to resolve [the discovery] dispute.").  FED. R. CIV. P. 30(b)(6) defines the scope of discovery "unless otherwise ordered by the court."  Cabot, 194 F.R.D. at 500.  It allows a party to obtain information from a party to the litigation concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1) (West 2005).  The information sought need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

In addressing the scope of FED. R. CIV. P. 30(b)(6), at least one court has held that parties must confine deposition questions to matters stated with "reasonable particularity" in the notice of deposition.  See Paparelli v. Prudential Ins. Co. of America, 108 F.R.D. 727 (D.Mass. 1985). More recently, a string of district courts around the country have refused to follow Paparelli in favor of a rule that, regardless of the information contemplated in the notice of deposition, the deponent must answer *all* relevant questions.  See King v. Pratt & Whitney, 161 F.R.D. 475 (S.D. Fl. 1995) (emphasis supplied).

In King, the Florida district court reasoned that "Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to [a 30(b)(6)] notice.  Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the same questions that were objected to."  Id. At 476.  Rather than forcing the plaintiff to "jump

through that extra hoop," the court offered a reading of the Rule consisting of four elements:

> 1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice;
>
> 2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably available" to the corporation. Rule 30(b)(6) delineates this affirmative duty;
>
> 3) If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed.R.Civ.P. 26(b)(1)), so that relevant questions may be asked and *no special protection is conferred in a deponent by virtue of the fact that the deposition was noticed under 30(b)(6)*;
>
> 4) However, if the deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.

Id. (Emphasis supplied). It seems that any reasonable reading of the King test would result in a finding that FED. R. CIV. P. 30(b)(6) does not carve into Rule 26 a special niche into which a deponent noticed under Rule 30 may place information he/she does not want exposed. Further, as the court in Cabot found, the language of FED. R. CIV. P. 26(b) "provides that the only way to change the scope of discovery set forth in Rule 26(b)(1) is by order of the court 'in accordance with these rules.'" Cabot, 194 F.R.D. at 500. The Cabot court relied on this language to conclude that "[i]t is therefore untenable to suggest that 'describe with reasonable particularity the matters on which the examination is requested' is a limitation on the scope set forth in Rule 26(b)(1)." Id. Because it appears that FED. R. CIV. P. 30(b)(6) does not carve into FED. R. CIV. P. 26 discovery an exception, it follows that a FED. R. CIV. P. 30(b)(6) deponent must answer

discovery requests coextensive with the requirements of FED. R. CIV. P. 26 discovery.

***The information sought by the parties are likely within the scope of FED. R. CIV. P. 26(b)(1)***

Rule 26(b)(1) addresses relevancy of discovery, and states in pertinent part that "[f]or good cause the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1) (West 2005). The information sought in discovery is not required to be ultimately admissible. The rule requires that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, it appears that "the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." Wright & Miller, Federal Practice and Procedure, 8 Fed. Prac. & Proc. Civ2d § 2008 (2005).

***Plaintiff's objection to Defendants' topic nine***

Defendants noticed Plaintiff that it would seek from Plaintiff's 30(b)(6) deponent information regarding product advertisements. Specifically, Defendants request in its topic nine:

> Separately for each advertisement and promotional statement made by Amersham that Bracco alleges is false and/or misleading, the factual basis for why it is false and/or misleading.

See Pl. September 16, 2005 Letter Brief at 1. Plaintiff objects to topic nine on the grounds that the request by Defendants seek expert discovery and Plaintiff's contentions. Its argument relies on the posit that "[T]opic 9 clearly seeks [Bracco's] contentions concerning 'why' [Amersham's] advertisements and promotions are false and misleading." Id. at 2 (emphasis in original).

It appears that topic nine seeks the facts that underlie Plaintiff's allegations in its suit brought under the Lanham Act. Based on the submissions by Plaintiff to the Court, it is unclear how seeking the factual basis for contentions is not relevant under FED. R. CIV. P. 30(b)(6). It is

further unclear how the factual bases are equal to the contentions themselves. For example, if a deponent is asked about the weather conditions at the time of a car accident, that deponent is not being asked whether he was negligent. It seems that the facts sought by Amersham not only are relevant under the broad scope of Rule 26(b)(1) discovery parameters, but also do not seek Plaintiff's contentions or expert opinions. As such, Plaintiff's objection to Defendants' topic nine will be denied.

### *Defendants' objection to Plaintiff's topic two*

Defendants likewise object to one of Plaintiff's FED. R. CIV. P. 30(b)(6) topics. Specifically, Plaintiff in its topic two requests in pertinent part:

> The factual basis supporting and/or contradicting the advertising and promotion of Visipaque concerning: (a) Amersham's statements regarding the NEPHRIC Study ...; (b) The 'Visipaque Protocol,'... [and] (d) Amersham's statements on its website(s) regarding Visipaque....

See Def. September 16, 2005 Letter Brief at 1. Defendants specifically object to "providing a witness to testify on facts that contradict [its] statements ... because Amersham is not aware of any facts that in its opinion contradict such statements." Id. According to Defendants, they have already agreed to designate a witness to testify on the facts that support its promotional statements. See Def. September 23, 2005 Letter Brief at 2.

Defendant's objection stems from their purported lack of knowledge; based on the aforementioned analysis it appears that such an objection cannot be grounds for denying Plaintiff from asking the question. The letter and spirit of the Federal Rules of Civil Procedure create an affirmative duty to produce a FED. R. CIV. P. 30(b)(6) representative who can answer questions that are both within the scope of the matters described in the notice and are "known or reasonably

available" to the corporation. Even if the court were to grant the objection and deny Plaintiff's topic two from being included, Defendants could still ask the question regardless whether it is noticed or not, based on <u>King</u> and the majority of district courts that have addressed 30(b)(6) notice matters. Therefore, Defendants' objection to Plaintiff's topic two will be denied.

      ACCORDINGLY, IT IS, on this 4th day of November, 2005,

      ORDERED that Plaintiff's objection to Defendants' FED. R. CIV. P. 30(b)(6) notification, topic nine is DENIED; and it is further

      ORDERED that Defendants' objection to Plaintiff's FED. R. CIV. P. 30(b)(6) notification, topic two is DENIED.

      s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**