UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                              :
BRACCO DIAGNOSTICS, INC.      :
                                              :
    Plaintiff,                         :    Civil Action No. 03-6025(FLW)
                                              :
    v.                                  :
                                              :
AMERSHAM HEALTH, INC., et al.,  :
                                              :    **ORDER**
    Defendants.                         :
_____:

    **THIS MATTER** having been opened to the Court by Plaintiff Bracco Diagnostics, Inc. ("Bracco"), through its counsel Donald L. Rhoads, Esq., on a four count Complaint against Defendants Amersham Health Inc., Amershham Health AS, and Amersham PLC (collectively "GEH"), alleging (1) dissemination of false and misleading advertisements in violation of Section 43(a) of the Lanham Act; and (2) N.J.S.A. 56:4-1 et seq.; (3) violations of the common law of unfair competition; and (4) negligent misrepresentations; it appearing GEH, through its counsel Richard L. DeLucia, Esq., filed a Counterclaim against Bracco for alleged false advertising; it appearing that this Court held a thirty-nine day bench trial in the above-captioned matter; it appearing that after the trial, the parties submitted proposed findings of fact, conclusions of law, Daubert motion papers, and post-trial briefs; it appearing, as agreed by the parties, that this Court would reserve judgment on any pending Daubert motions at trial and rule on those motions in this Court's Findings of Fact and Conclusions of Law as appear in this Court's Opinion; for the reasons stated in the Opinion filed on this date, and for good cause shown;

    **IT IS** on this 25th day of March, 2009,

**ORDERED** that following the <u>Daubert</u> analysis, these experts are excluded: (1) John Russell; (2) Dr. Michael Rappeport; (3) Dr. David Carl Schmittlein; (4) Dr. Marion Stewart; (5) Dr. Christopher Schmid; and (6) Dr. Eugene P. Ericksen; and it is further

**ORDERED** that other experts and their testimony were limited, in accordance with this Opinion; and it is further

**ORDERED** that GEH is in violation of Section 43(a) of the Lanham Act, having disseminated false messages in its advertising of Visipaque; and it is further

**ORDERED** that GEH is permanently enjoined, based on the studies presented at trial, from claiming:

(1) All low osmolar contrast medium ("LOCM") produce the same rate of contrast induced nephropathy ("CIN");

(2) Visipaque is renally superior to all LOCM;

(3) Visipaque performs better than all LOCM because of lower osmosality and associated costs

(4) Visipaque causes lower incidence of Major Adverse Cardiac Events ("MACE") than all LOCM, although GEH may claim, based on the VICC trial, that Visipaque causes less MACE than Isovue for patients undergoing percutaneous cardiac intervention ("PCI") within the initial 48 hours after the procedure;

(5) Visipaque performs as well or better than LOCM with prophylactics;

(6) Visipaque causes less discomfort than all LOCM;

(7) Visipaque has superior hemodynamic effects over all LOCM;

(8) Visipaque has superior patient comfort over all LOCM, although GEH may claim that Visipaque has comfort superiority with respect to peripheral angiography procedures; and

(9) Visipaque cost superiority over all LOCM, except in limited circumstances where GEH

associates the cost of treating additional instances of MACE to higher overall cost; and it is further

**ORDERED** that GEH's advertising must be limited to the procedures, contrast medium ("CM"), patient types, and circumstances that were used in the studies presented at trial;

**ORDERED** that when citing studies in its advertising, GEH plainly identify, in same size print (and not in footnoted material), the CM used in the study and that the findings of that study are limited to the studied CM; and it is further

**ORDERED** that GEH issue a press release, including on its website, regarding this Court's decision and issue corrective advertisements; and it is further

**ORDERED** that in comparative advertisements relying upon studies, GEH must consistently refer to the comparator drugs by either their brand names, e.g., Visipaque vs. Omnipaque, or their scientific names, e.g., iodixanol vs. iohexol; and it is further

**ORDERED** that GEH re-train its sales and marketing personnel in accordance with this Court's decision; and it is further

**ORDERED** that GEH shall have 60 days from the date of this Order to comply with this Court's order of injunctive relief; and it is further

**ORDERED** that any future disputes arising between the parties concerning CM advertisements shall first be submitted to a qualified neutral panel or individual of the parties' choice; and it is further

**ORDERED** that the losing party in the alternative dispute forum shall pay the costs of the neutral panel or individual; and it is further

**ORDERED** that the panel or individual, in deciding future disputes, shall adhere to the findings of this Court; and it is further

**ORDERED** that GEH shall pay Bracco $11,376,500 for Bracco's corrective advertising costs incurred as a response to GEH's wrongful conduct; and it is further

**ORDERED** that no other damages shall be awarded in the above-captioned matter; and is further

**ORDERED** that because Bracco has discontinued its use of advertisements GEH alleged to be false in its Counterclaim, GEH is not entitled to injunctive relief.

s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge